142    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. Logan Square Motor Club, 189 Ill. App. 142.

## City of Chicago, Defendant in Error, v. Logan Square Motor Club, Plaintiff in Error.

### Gen. No. 19,702.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914. Rehearing denied October 20, 1914.

### Statement of the Case.

Proceeding brought by the City of Chicago against the Logan Square Motor Club for operating and maintaining a garage without a license in violation of section 2684 of the Municipal Code of Chicago of 1911. Sections 2683, 2684 and 2695 of said Code, are as follows:

"Section 2683.   The word 'garage' as used in this article shall be held to mean, and is hereby defined as meaning, any barn, stable, building or other place within the city where automobiles, auto cars or any similar self-propelled vehicles are kept or let for hire or reward to any person, whether such vehicle be so hired out or let with or without an operator for same, or where such vehicles are kept ready for use and where rent is paid to the keeper thereof for such keeping."

"Section 2684.   No person, firm or corporation shall keep, conduct or operate a garage in this city without first obtaining a license so to do in the manner hereinafter provided, and it shall not be lawful for any person, firm or corporation to locate, build, construct or maintain any garage within two hundred feet of any building used as and for a hospital, church, or public or parochial school, or the grounds thereof, nor shall any person, firm or corporation locate, build, construct or maintain any garage in the city in any block in which two-thirds of the buildings on both sides of the street are used exclusively for residence purposes, or within 100 feet of any such street in any such block, without the written consent of a majority of the property owners according to frontage on both sides of the street.

"Such written consent shall be obtained and filed with the commissioner of buildings before a permit is issued for the construction of any such building; provided, that in determining whether two-thirds of the buildings on both sides of such street are used exclusively for residence purposes, any building fronting upon another street and located upon a corner lot shall not be considered; and provided, further, that the word 'block,' as used in this section, shall not be held to mean a square, but shall be held to embrace only that part of the street in question which lies between the two nearest intersecting streets, one on either side of the lot on which said garage is to be located, built, constructed or maintained."

"Section 2695. Any person violating any of the provisions of this article, where the penalty is not otherwise herein provided for, shall be fined not less than five dollars nor more than one hundred dollars for each offense, and his license shall be subject to revocation by the mayor."

The case was tried by the court without a jury. The defendant in error was found guilty of a violation of the ordinance and a fine of fifty dollars was assessed. To reverse a judgment entered on the finding, defendant prosecutes a writ of error.

The facts showed that the defendant was organized as a corporation not for profit, the purposes of the corporation being "to organize and maintain a social club for the encouragement of motoring and for the mutual benefit thereof, to own, run and maintain a clubhouse and garage to be enjoyed by the members of the club," and that certain persons were made officers of the corporation. A few months prior to the incorporation of the defendant, the Logan Square Motor Car Company, a corporation for profit, was incorporated with the same officers. Both of the corporations occupied the same premises, which were owned by the wife of the vice-president of the defendant. The garage building occupied two lots and had a large entrance. The defendant corporation occupied

144    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. Logan Square Motor Club, 189 Ill. App. 142.

the front part of the building except a small space which it allowed the Logan Square Motor Car Company to use in its business. The rear of the building was occupied by the latter corporation as repair rooms for cars. The defendant had no clubhouse or clubquarters except the premises in question. In order to become a member of the club a person signed an application card agreeing to pay the club fifteen dollars per month as dues. He then had the right to immediately put his car in the garage whether it was a pleasure car or a business truck. It also appeared that no application for membership had been rejected and no investigation ever made of any applicant; that the only social affair given was a motor run that was participated in by four persons who were interested in the Logan Square Motor Company, and that the only privilege enjoyed by a member was the right to keep his car in the club garage.

Defendant contended that it was not a business organization conducting an establishment sought to be reached by the ordinance, but that it was a social organization of citizens, and that a license was only required for a public garage in the nature of a public livery stable. The plaintiff contended that the defendant was organized and maintained as a subterfuge to permit the operation of the garage without a license; and that even if it is conceded to be a bona fide club it is required to procure a license to maintain its garage.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; RICHARD E. KROPF and ALBERT J. W. APPELL, of counsel.

BRUNDAGE, LANDON & HOLT, for plaintiff in error; ROBERT N. HOLT, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

AUTOMOBILES AND GARAGES, § 5*—*what constitutes garage within meaning of ordinance requiring a license.* A motor club, organized as a corporation not for profit, to own, run and maintain a clubhouse and garage to be enjoyed by members of the club, *held* under the facts of the case to be maintaining a garage within the meaning of a city ordinance requiring a garage license.